WILLIAM BLAKE AND WIFE *v.* WILLIAM STONE AND WIFE, RUSSELL HYDE, JOHN BURT, JAMES BURT AND LYNDON BURT.

*Construction of deed. Use of the word heirs in deeds. Heir taking by purchase.*

A deed to A. B. for life and in remainder to the heirs of his body, except C. B., one of the sons of A. B., forever, does not convey an estate in fee tail. It conveys only a life estate to A. B.; and the remainder in fee vests immediately in those persons, except C. B., who will become the heirs of A. B., if they survive him; and they take by purchase, and not by inheritance.

*Quære,* whether, under our system of conveyancing, there is any just ground for the distinction between deeds and other instruments, in regard to the necessity of the word heirs, to create an estate in fee simple or fee tail.

PETITION FOR PARTITION of the real estate which was conveyed by Benjamin Burt to Leonard Burt, by his deed, dated November 25, 1830. The deed conveyed to Leonard Burt the premises in question, with the *habendum* as follows: " To have " and to hold the same to the said Leonard Burt for and during " the term of his, the said Leonard Burt's, natural life, and no " longer, and in remainder to the heirs of his, the said Leonard " Burt's, body, (Charles Burt, son of the said Leonard, excepted,) " forever." On the 24th of April, 1845, and during the life-time of the said Leonard Burt, Reuben Burt, one of his sons, quitclaimed to the defendant, Russell Hyde, his interest in the premises; and afterwards, during his father's life-time, the said Reuben died, leaving as his heirs, the defendants, John, James and Lyndon Burt. That portion of the premises which would have belonged to the said Reuben, had he survived his father, without having conveyed them, was claimed, both by Hyde, under his deed, and by the said John, James and Lyndon Burt, as the heirs of the said Reuben. The only question in dispute was in reference to the ownership of this share. The county court, September Term, 1854,—UNDERWOOD, J., presiding,—decided that Russell Hyde was entitled, &c.,—to which the said John, James and Lyndon Burt excepted.

————————— for John, James and Lyndon Burt.

*Stoughton & Baxter* and *D. & G. B. Kellogg* for Hyde.

The opinion of the court was delivered, at the circuit session in September, by

REDFIELD, CH. J. The question here arises upon the construction of the deed of Benjamin Burt to Leonard Burt, November 25th, 1830. The conflicting interest is between the grantee and the heirs of Reuben Burt, son of Leonard Burt, he having deceased before Leonard Burt. Reuben Burt conveyed to the defendant Hyde.

If, at the time of the conveyance to Hyde, April 24th, 1845, Leonard Burt was seized of the estate in fee tail, nothing will pass, and upon the decease of Leonard, by the rules of the common law, the estate will go to the heir in tail. But if Leonard took only a life estate, and a remainder in fee simple passed to certain persons, Reuben Burt being one of them, then his conveyance will vest the remainder in his grantee, and will not go to his heirs. There can be no doubt, we think, such was the intention of the original grantor, Benjamin Burt. And as we have a statutory system of conveyance or transmission of the title of real estate, wherein we have more or less explicitly departed from many of the common law provisions upon the subject, it deserves serious consideration in my judgment, whether we should make any distinction between a covenant to convey, a will, or devise, and a deed, in regard to the indispensable necessity of the use of the word heirs, to create a fee simple or fee tail, or whether that word is always to be regarded as one of limitation, and never of purchase, in a deed, without reference to the clearly expressed intention of the parties. The question as it affects deeds, will, probably, ultimately settle down upon the same basis it has at common law, in regard to covenants and devises, as one of intention merely. Justice WILMOT says, in *Long* v. *Laming*, 2 Bur. 1100, " Now it is certain that in some cases, and under " some circumstances, they (the words heir and heirs) may be con- " strued words of *purchase*, either upon a *will* or upon a *deed*." And to this effect he cites two cases, *Lisle* v. *Gray*, found in Sir Th. Jones, 114; 2 Levinz, 223; Pollex., 582; Th. Raymond, 278; and *Waker* v. *Snowe*, in Palmer's R., 359, and concludes, " They " are not to be construed as words of limitation, either upon a will " or upon a deed, when the manifest intention of the testator or of " the parties, is declared to be, or clearly appears to be, that they

" shall not be so construed." This is sufficiently explicit; but however sensible and sound, as a rule of exposition, it has not generally obtained in England, in regard to deeds, but always as to covenants to convey, and wills, and no doubt will, ultimately, everywhere, in regard to deeds, as every one feels the absurdity of any such distinction, between deeds and other instruments.

But it does not seem to us necessary to put this case upon the broad ground of intention merely. The English cases treat this case as an exception. The case of *King* v. *Melling*, 1 Ventris, 231, where the devise was to one for life, *et non aliter*, and this was held sufficient to give only a life estate, in the first grantee. So, too, *Archer's case*, without negative words, but only because the remainder is given over to the heir male in the singular number, regards the heir as taking by purchase and not by inheritance. And *Bagshaw* v. *Spencer*, before Lord Hardwick, 2 Atkins, 577; and 1 Vesey, 142, is decided as conveying to the first grantee only a life estate, because the words " without impeachment of waste," are used, which have no application to an estate of inheritance. But if such words may determine the extent of the estate, so may others equally indicative of intention. Other cases may be referred to in Judge REEVES' dissertation upon this subject. Dom. Rel. Appendix, 453.

But the remainder here being given to Leonard Burt's heirs, *except Charles Burt*, it is regarded by the decided cases, sufficient to indicate that the term is used to designate certain persons, and is, therefore, not a word of limitation upon the estate of the first grantee, but of designation of those who are to take in remainder as purchasers. *Clerk* v. *Day*, Cro. Eliz. 313; *Minshull* v. *Minshull*, 1 Atk. 412. We are, therefore, satisfied that upon the stated rules of construction of the common law, Leonard Burt took only a life estate, and that the remainder in fee vested immediately in the persons who would become his heirs, if they survived him, excluding Charles Burt, and that consequently Reuben Burt was seized of the remainder in fee, at the time he conveyed to Russell Hyde, and that he, by the conveyance, took the whole estate in remainder, which belonged to his grantor, and thus excluded any interest or estate in the heirs of such grantor. Hyde is consequently entitled to his share, as the court below held. Judgment affirmed.