HENRY H. SMITH AND OTHERS *v.* HEMAN HASTINGS.

*Rule in Shelly's case. Construction of a deed to a person for life, and then to his heirs.*

Rule in Shelly's case not in force in this state.

Where an estate is granted to a person for life, with remainder to his heirs, the heirs will take by purchase and under the deed, where that was obviously the intention of the grantor.

Such held to be the construction of the deed under which the plaintiffs claimed title in the present case, they being the children and heirs of the first grantee.

EJECTMENT for the premises described in the deed from Daniel Hulett to Diana Smith. It appeared that Diana ·Smith died on the 5th of May, 1855, that the plaintiffs were her children and heirs, and that her husband, the father of the plaintiffs, was living; that the defendant was in the possession of the premises, and had been duly notified of the decease of the said Diana, and that the possession of the premises had been demanded from him since the decease of Mrs. Smith, and before the commencement of the suit. The plaintiffs claimed no title to the premises except under the deed to Diana Smith, and as her children and heirs. The county court, March Term, 1856,— PIERPOINT, J., presiding,— decided that the deed conveyed to Mrs. Smith an estate in fee simple, and that her husband was consequently tenant by the courtesy and entitled to the possession of the premises during his life, and that therefore the plaintiffs were not entitled to recover, to which decision the plaintiffs excepted.

The deed from Daniel Hulett to Diana Smith was as follows:

" Know all men by these presents that I, Daniel Hulett, of Pawlet, in the county of Rutland and state of Vermont, for the consideration of love and natural affection I have for my daughter, Diana Smith, of Middletown, in the county of Rutland and state of Vermont, do give, grant, bargain, sell, and confirm unto the said Diana during her natural life, all the use and profits of two certain tracts or parcels of land lying in Middletown, and described as follows and according to the conditions at the close of this deed, and then to her heirs forever: First piece bounded as follows, north by lands owned by Eli Oatman and Ezekiel Wheeler; east by the highway; south by lands owned by J. H. Davison, and west by said Oatman, containing about seventy acres, be the same more or less; the other piece in said Middletown, on the mountain west of the above lot, known by the name of the Sage lot, containing about fifty acres, and for the description of the bounds reference to be had to the deed I had of Ezel Coy.

" To have and to hold the above granted and bargained premises, with the appurtanences thereof, unto the said Diana during her

natural life, and then to her heirs forever, to them and their own proper use, benefit and behoof. And also I, the said Daniel Hulett, do for myself, my heirs, executors and administrators, covenant with the said Diana and her heirs, that at and until the ensealing of these presents I was well seized of the premises, as a good indefeasable estate, in fee simple, and have good right to bargain and sell the same in the manner and form as above written, and that the same is free from all incumbrances whatsoever. And furthermore I, the said Daniel, do by these presents bind myself and heirs forever to warrant and defend the above granted and bargained premises to the said Diana and her heirs against all claims and demands whatsoever.

" Now the condition of the above deed is such that said Diana Smith is to keep all the buildings and fences in as good repair as at present, to pay all the taxes that has or may be laid on said farm while she occupies it; to cut no wood or timber only for the use of the farm and to use on the farm ; and I reserve to myself the privilege of cutting timber as I please, and in case of failures of any of the above obligations this deed is to be —————— ; otherwise to stand and remain in full force and virtue to all intents and purposes.

" In witness whereof," &c.

*R. R. Thrall*, for the plaintiffs.

*D. E. Nicholson*, for the defendant.

The opinion of the court was delivered, at the circuit session in June, by

REDFIELD, CH. J. This case was decided in the court below and has been argued chiefly in this court upon the effect of the deed from Daniel Hulett to Diana Smith, that is, upon the question whether it conveyed a fee simple, or only a life estate, to the first grantee.

This question seems to involve, to some extent, the rule in Shelly's case, 1 Coke 93. This question was somewhat examined in a late case, *Blake* v. *Stone*, 27 Vt. 475. It was there considered that the rule in Shelly's case was to be regarded as of no special

Smith et als. *v.* Hastings.

force in this state, except as one of construction and intention. This was the view taken of the same rule in England by Lord MANSFIELD and Justice WILMOT, in *Doe* v. *Lansing,* 2 Burrows 1100, and by Justice BLACKSTONE in *Blake* v. *Perrin,* 4 Burrows 2579. This is that celebrated case so long pending in the King's Bench and Exchequer Chamber upon the extent of the rule in Shelly's case, that when the ancestor by any conveyance takes an estate for life, with remainder mediately or immediately to his heirs, in fee or in tail, the estate shall vest absolutely in the first grantee or devisee, and no estate remain which is secured by the deed to the heirs, in other words the term *heirs* in such case is to be regarded as one of *limitation* and not of *purchase.* The court here were so divided that the case was not decided. And the amount of discussion and acrimonious controversy which ensued upon the subject is almost incredible. And Lord CAMPBELL says in his Life of Lord MANSFIELD that even to this day nothing will so readily provoke debate among English lawyers as to start the query whether *Perrin* v. *Blake* was rightly decided by the majority of the King's Bench.

But it seems always to have been held in England that where the language of the instrument manifested a clear intention to have the estate pass to the heirs, and that the ancestor should take only a life estate, it should be allowed to have that operation, certainly where this is unquestionably so expressed.

It is indeed held in England that all doubts shall in such case be solved against such construction. But this extreme rule of construction in favor of the absolute right of the ancestor to alien the property is obviously a rule of policy merely, and has been supposed to derive its chief support from considerations having their origin in the feudal tenures of the realm.

But here no such considerations can have weight. And as our system of conveyancing is statutory, there is no necessity and no reason in adopting any rule of construction which will tend to carry us one side of the true purpose and intention of the instrument. And this, says Prof. GREENLEAF, 2 Cruise 381, and note, "was deemed by the late lamented Judge STORY to be generally adopted in the United States, where the subject was not regulated by statute." See also 4 Kent's Com. 215, 233.

Upon the mere question of intention upon the face of the deed in this case it does not seem to us there is much ground of controversy. The granting part expressly limits the estate to the natural life of the grantee. The habendum says "to the said Diana during her natural life, and *then* to her heirs *forever.*" And there is an express condition in the deed that the erections on the premises shall be kept in repair, taxes paid, no waste committed, and that the grantor shall have the privilege of cutting timber at all times and to any extent, and that, upon failure of any of such conditions, the deed shall be void. It would be singular for any one to suppose that it was the purpose of such a deed to convey an absolute fee simple to the first grantee. Very likely some of the English cases may have given that effect, in some cases, to deeds as strongly expressed, perhaps, but not upon the ground of intention, and most of the English cases, where the intention to give only a life estate to the first grantee is no more obvious than it is here, hold that the intention must prevail, and the heirs take as purchasers under the deed. And as we think this deed cannot properly have any other construction in this state, the heirs must be held to take under the deed as purchasers, and will be entitled to hold against the husband. And as the first grantee left children who were evidently intended by the grantor to be described in the deed, under the term heirs, it is needless to speculate as to what would have been the effect of such language in case of failure of children.

Judgment reversed and case remanded.