CHARLES GILKEY AND OTHERS *v.* JOHN W. SHEPARD AND WILLIAM JONES.

[IN CHANCERY.]

### *Trusts.    Vested    Remainder.    Construction    of    Deed.*

On November 15, 1833, A. conveyed certain land to S. "in trust and to the following uses: . . . to permit" L. to receive the rents and profits thereof "to her sole and separate use during her coverture " with her then husband, " and, after the termination of said coverture, to convey the same to her during her life and the remainder to her children and their heirs forever." L. then had several children, among whom was L. E., who died July 8, 1849, leaving J., her only heir. On August 28, 1862, the coverture of L. was terminated by the death of her husband. L. died July 27, 1868.    *Held,* that although the deed vested the legal title in the trustee, it vested the equitable title in L. and her children; and that J. took the share that his mother would have taken if living.

APPEAL from the Court of Chancery.

The bill alleged that the orators, Laura Gilkey, Louisa Buckman, and Harriet Gibbs, wives respectively of the orators Charles Gilkey, William Buckman, and Ethan R. Gibbs, and the orators Rebecca Shepard, and Roland M. Shepard, with the defendant John W. Shepard, and Lucy Emeline Jones, wife of Sylvester Jones, were all the children of Lucy Shepard, late of Windsor, deceased ; that on November 15, 1833, Asa Aikens, then a resident of Windsor, by deed of that date in due form, conveyed to the defendant John W. and his heirs and assigns forever, certain land in Windsor, in trust and to the following use among

others : to permit the said Lucy to receive the rents and profits of said premises to her sole and separate use during her coverture with her then husband, and after the termination of said coverture, to convey the same to her during her life, and the remainder to her children and their heirs forever, which trust said John W. then accepted and agreed to execute ; that on August 28, 1862, the coverture of said Lucy was terminated by the death of her husband, Titus V. Shepard ; that on July 27, 1868, said Lucy, also died ; that said John W. neglected, and, as the orators believed, refused to convey said land to said Lucy in her life time according to the terms of said trust, or otherwise, and, although requested, refused to convey to the orators their right and interest therein, but still held the title thereto subject to said trust, and that said Lucy Emeline died on July 8, 1849, leaving as her sole child and heir, the defendant, William Jones, who, as the orators were informed, claimed some interest in said land. *Prayer*, that the defendant John W. be decreed to convey to the orators, and for general relief.

The defendant William Jones pleaded, admitting and re-alleging the material allegations of the bill, as appears from the opinion of the court ; alleging that his mother and her brothers and sisters named in the bill were living at the time of the execution of said deed ; and insisting that by the terms and proper construction of said deed he was entitled to one-seventh of said land, and that it should be decreed to him.

Demurrer by the orators.

The land was conveyed by the deed in question, subject to a mortgage conditioned for the payment of the grantor's promissory note for $600. That part of the *habendum* of the deed declaring the use in question was as follows :

To have and to hold to him, the said John W. Shepard, his heirs and assigns in trust and to the uses following, that is to say: first, to the use of the said John W., for the purpose of raising and paying off the above described mortgage upon said premises, with power to sell the said premises or so much thereof as shall or may at any time become necessary for that purpose; and secondly, to permit Mrs. Lucy Shepard, the mother of the said John W., to receive the rents and profits of said premises to her sole and separate use during her coverture with her present hus-

band, and after the termination of said coverture, to convey the same to her during her life, and the remainder to her children and their heirs forever.

At the December Term, 1877, the bill being taken as confessed by the defendant John W., the court, BARRETT, Chancellor, decreed, *pro forma*, that said John W. convey six undivided seventh parts of said land to the orators and the defendant Jones.

Appeal by the orators.

*William E. Johnson* and *Edminster & Batchelder*, for the orators.

By the deed in question a use was limited upon a use. In such case the legal estate always vests in the trustee. The trustee's duties and powers were such that it was necessary that he should take the legal estate. Hill Trustees, ss. 229, 230, 232, 234, 235 ; Bac. Ab., Uses and Trusts ; *Upham* v. *Varney*, 15 N. H. 466 ; *Sylvester* v. *Wilson*, 2 T. R. 444 ; *Jackson* v. *Johnson*, 5 Cow. 74 ; *New Parish in Exeter* v. *Odiorne*, 1 N. H. 232 ; *Harton* v. *Harton*, 7 T.R. 652 ; *Bagshaw* v. *Spencer*, 1 Ves. Sen. 142. The entire estate, legal and equitable, vested in the trustee at the time the conveyance was made. There was thus none left to vest in any one else. *Roberts* v. *Dixwell*, 1 Atk. 607 ; *Bennet* v. *Davis*, 2 P. Wms. 316 ; *Doe dem Booth* v. *Field*, 2 B.·& A. 564 ; Bac. Ab., Uses and Trusts. The legal estate being in the trustee till the death of the husband of said Lucy, the remainder vested in the children of said Lucy who were living at the time her husband died, and their heirs. Thus no interest or estate in said property in remainder or otherwise ever invested in said Lucy Emeline. *Hunt* v. *Hall*, 37 Me. 363 ; *Den* v. *Halsted*, 3 Halst. 90. It was evidently intended that the remainder should go first to said Lucy's children ; and that must mean, children living at the time of making the conveyance to her for life, and secondly, to their heirs. *Jackson* v. *Starts*, 11 Johns. 349.

*W. C. French*, for the defendant Jones.

By the deed, the trustee was to convey the estate to said Lucy " during her life, and the remainder to her children and their

heirs forever." It must have been the intention of the grantor that all the children of said Lucy should share alike in the estate, as it was not given to her children and the *survivor of them*, but to her children and *their heirs*. By the use of the term, *their heirs*, the deed directs the conveyance to be made to the children living at the time of the death of said Lucy's husband and the *heirs of deceased children*.

The deed might well be construed as giving an *equitable* interest in the children of said Lucy at its execution, subject to be defeated by the carrying out of the other purposes of the trust. *Parker* v. *Converse*, 5 Gray, 336 ; *Smith* v. *Hastings*, 29 Vt. 240 ; 4 Kent Com. 202.

The opinion of the court was delivered by

REDFIELD, J. Asa Aikens conveyed the premises in question to John W. Shepard *in trust* and for *the uses*, among others, " to permit Mrs. Lucy Shepard, the mother of the said John W., to receive the rents and profits of said premises to her sole and separate use during her coverture with her present husband, and, after the termination of said coverture, to convey the same to her during her life and the remainder to her children and their heirs forever." The deed was executed November 15, 1833. The defendant William Jones avers in his plea that he is the only child and sole heir of Lucy Emeline Shepard, deceased, who was the daughter of the said Lucy Shepard ; that the said Lucy Emeline died the 8th day of July, 1849 ; that her mother, the said Lucy, died on the 27th of July, 1868 ; and that Titus V. Shepard, husband of said Lucy, died the 28th of August, 1862. At the time of the execution of the deed of trust, the said Lucy Emeline was living. At the time of the death of the said Lucy, who had a life estate in the premises, the said Lucy Emeline had deceased, leaving the said William Jones her sole heir. Does Jones take the share that would have accrued to his mother if living at the time of the decease of the said Lucy ? There would seem no doubt that the grantor in this deed intended to carve out a *particular* estate for the benefit and use of Lucy Shepard, the mother of the trustee, and convey the remainder to the children of the said Lucy and

their heirs in fee. The grantees of the estate were *in esse* and ascertained. The estate in remainder, or the right to the estate, depended upon no contingency. The time when they should enjoy it was to be determined by the duration of the life of her in whom was the particular prior estate. The fact of her death was certain; the time, uncertain. The estate conveyed was the fee; the grantees were the seven children of Lucy Shepard; and the estate was vested in them by the grant. And they took the estate by purchase and not by descent. The defendant William Jones, therefore, inherits from his mother her share in this estate. The Feudal System engrafted upon the common law of England a construction of deeds and conveyances of real estate that overruled the *intention* of the parties, and, in many cases, worked great injustice. But the doctrine of *Shelly's Case*, 1 Co. 93, has been disregarded in England, see opinion of Lord MANSFIELD in *Doe* v. *Lansing*, 2 Bur. 1100, and has never been followed in this State. Deeds, like other written instruments, should be so construed as to give effect and carry out the intention of the parties. And that rule now prevails in the courts of England, and in most of the States of the Union, with the exception of New Hampshire. See *Hall* v. *Nute*, 38 N. H. 422, and *Hayes* v. *John*, 41 N. H. 531. But these cases are sharply criticised by Mr. WASHBURN, 2 Washb. Real Prop. 228, note, and are not in accord with the general current of authorities, nor with the established rule in this State. *Blake* v. *Stone*, 27 Vt. 475; *Smith* v. *Hastings*, 29 Vt. 240. This, we think, must be the construction of this deed, although it may be conceded that the deed vested in the trustee the legal title to the premises. It is not claimed that the power given to the trustee by the deed to sell a portion or all of the estate for the purpose of paying the mortgage upon said premises, should make this a contingent, rather than a vested, remainder; nor is it suggested that any mortgage existed that could defeat the estate in remainder at the time of the decease of the said Lucy Emeline. It is a settled principle in equity that the legal estate may exist in one and the entire equitable estate in another. Though the deed required the trustee to convey a life estate to the said Lucy at the termination of her coverture, and the re-

mainder to her children in fee, and the trust, in that respect, was not executed, but executory, still, the trustee held the naked legal title to the use of those owning the equitable estate, subject to no contingency or discretion on his part.  A distinguished equity writer defines a trust to be " a right in the *cestui que trust* to take the profits of lands whereof the legal title is vested in some other person, and to compel the person thus seised of the legal estate to *execute such conveyances* of the land as the person entitled to the profits shall direct."  And Mr. SANDERS defines it to be " a right on the part of the *cestui que trust* to receive the profits and dispose of the lands in equity."  The equitable estate vested in the mother and children *in presenti,* on the execution of the deed, though the enjoyment on the one part was in the future.  If the trustee had refused to convey a life estate to the said Lucy on the termination of her coverture, it could not terminate or abridge her equitable right to the rents and profits during life; nor could such refusal defeat or delay the right in equity of the children to the remainder.  Had all the children of said Lucy died before the mother — not an improbable thing in thirty years — then, by the doctrine contended for by the orators, the whole estate would have reverted to Judge Aikens and his heirs, an event, probably, that would have perverted the whole intent of the deed.  The deed was evidently drawn by Judge Aikens, a most excellent lawyer, with thoughtful care.  He wished to convey the beneficial enjoyment of the premises to the said Lucy during her life, and the remainder to her children and their heirs; and would have so conveyed directly, but for her coverture, which would have given the husband the right to the use of the premises during her life.  Hence the necessity of a trustee to hold the legal title for her.  The distinction made in the courts of England between a direction in the deed to the trustee to pay over the rents and profits, and to permit the life tenant to enjoy the rents and profits, was evidently in the mind of the draftsman.  In the one case the trustee would hold the legal title, and not in the other.  *Broughton* v. *Langley,* 2 Ld. Raym. 873; *Leicester* v. *Briggs,* 2 Taun. 109.  We assume that all question as to the power given in the deed to the trustee to sell any part of the estate for the purpose of paying

the mortgage upon it, was at an end before the death of the said Lucy Emeline, and therefore hold that the fee of the premises and legal inheritance in equity was vested in the children of said Lucy at the time of the death of the said Lucy Emeline, and that her estate therein passed to her son, the defendant William Jones.

The decree of the Court of Chancery is affirmed, and the cause is remanded.