GEORGIANA THOMPSON ET AL.

v.

JOSEPH TRYON ET AL.

January Term, 1894.

*Trusts.·   When deed conveys vested interest.   Children.*

H. conveyed a house and lot to a trustee for the use of his daugh-
ter Mary and her husband Jeremiah during their lives and
the life of the survivor, to provide a home for the said Mary
and her children, and instructed the trustee, after the death
of Mary and Jeremiah, to sell the property and distribute
the proceeds to their children.   *Held*, that the children
took a vested right under the deed and that the proceeds
should be distributed *per stirpes* among the surviving chil-
dren and the issue of those deceased.

Bill in chancery for the appointment of a trustee and the
execution of a trust. ˙Heard upon bill and answer at the
April term, 1893, Chittenden county.   Tyler, chancellor,
decreed that the trust property should be distributed *per*
*stirpes* among the surviving children and the issue of those
deceased.   The defendants appeal.

In 1833 Joseph Harrington conveyed a house and lot to·
H. H. Harrington, in trust for his daughter, Mary Tryon,
and her husband Jeremiah, by deed which declared the
trust as follows :

"To have and to hold the same with all the privileges.
and appurtenances thereto ar.d thereof belonging, to him·
the said Hiram H. Harrington, his heirs and assigns, upon
the special trust and confidence, and for no other purpose

whatsoever, that is to say, that the said Hiram Henry Harrington, his heirs and assigns, shall at all times allow the said Jeremiah Tryon and Mary his wife, during their natural lives and the life of the survivor of them, to occupy, use and enjoy all and singular the said premises, keeping the same in repair, as a home for themselves and their children; and after the decease of the said Jeremiah and Mary, his said wife, that the said Hiram Henry Harrington shall sell and dispose of said premises and pay the proceeds, after deducting costs and charges, to the children of the said Jeremiah by his said wife Mary, in such way and manner that my said daughter Mary may at all times be certain of a home for herself and children, and that the creditors of the said Jeremiah, if any, shall not have it in their power to extend the same in satisfaction of their said claims.

"And I do hereby authorize and empower the said Hiram H. Harrington, if he thinks it expedient, to let the same premises to others, and to appropriate the rents and profits for the use and benefit of the said Tryon and his wife, as their means require, in lieu of the occupancy, or to sell and dispose of said premises if the interest of said parties require and to invest the avails in other real estate for the purposes aforesaid, and in all things to manage said estate for the best interests of the said Jeremiah and his wife and their said children, hereby intending to include any children they now have or may have."

Jeremiah deceased in 1872 and Mary in 1892. They had five children, four of whom were living at the time the deed was executed and one of whom was born afterwards. Of these five children three had deceased before the death of their mother, Mary. This bill was brought by the issue of these three children against the two surviving children for the appointment of a trustee in place of H. H. Harrington, who had also deceased, and the execution of the trust. The defendants joined in the prayer for the appointment of the trustee but denied that the orators had any interest in the trust fund.

*W. H. Bliss* and *E. R. Hard* for the defendants.

The word children extends no further than immediate descendants, and does not include grandchildren.    *Oxford* v. *Churchill*, 3 Ves. & B. ; 2 Wms. Exrs. (6th Am. Ed.), 1098, 1099 ;  2 Jar. Wills (5th Ed.),, 147 and note ; 3 Cruise R. P., 214 and note ;. *Crook* v. *Whitley*, 7 DeG. M. and G., 490, 495 ; *Reeves* v. *Brymor*, 4 Ves. 608 ; 2 Washb. R. P., 654 ; 4 Kent Com., 345 and notes f and i ; *Adams* v. *Ross*, 1 Vroom (N. J.) 512 ; *Sheets* v. *Grubbs*, 4 Met. (Ky.) 341 ; *Churchill* v. *Churchill*, 2 Met. (Ky.) 466.

The gift to the children was contingent.    *Decamp* v. *Hall*, 42 Vt. 483 ; Schoul. Wills, s 466 ; 2 Wms. Exrs., 1232, 1470 ; *Barber* v. *Barber*, 3 My. and Cr., 688.

If there was a vested estate it was that of joint tenants and the survivors take.    1 Jar. Wills (Ed. 1893), side p. 547 ; *Fletcher* v. *Ashburner*, 1 Brown's Ch. side p. 497 ; *Perkins* v. *Coughlan*, 148 Mass. 30 ; *Underwood* v. *Curtis*, 127 N. Y. 523 ; *Brothers* v. *Cartwright*, 2 Jones Eq. 113 ; Co. Litt., 182 ; 2 Black. Com., 399 ; *Buffer* v. *Bradford*, 2 Atk. 220 ; *Marley* v. *Bird*, 3 Ves. Jr. 204 ; *Crooks* v. *De-Vandes*, 9 Ves. Jr. 204 ; *Swain* v. *Burton*, 15 Ves. Jr., 350 ; *Campbell* v. *Campbell*, 4 Bro. Ch. 15 ; 2 Kent Com. 351 ; 2 Redf. Wills, 497-499, 505 ; *Gilbert* v. *Richards*, 7 Vt. 203 ; *Sparhawk* v. *Buell*, 9 Vt. 41, 83 ; *Decamp* v. *Hall*, 42 Vt. 483.

*A. V. Spaulding* and *W. L. Burnap* for the orators.

The children took a vested right which descends to their heirs.    *Bowker* v. *Bowker*, 148 Mass. 198.

The word children may include grandchildren.    2 Woerner, 886, 900 ; *Scott* v. *Nelson*. 3 Port. (Ala.) 452 ; *Houghton* v. *Kendall*, 7 Allen 72 ; *Whitcomb* v. *Lassiter*, 4 Jones Eq. 79 ; 2 Jar. Wills, 690 ; *Gilkey* v. *Shepard*, 51 Vt. 546.

TAFT, J.   Joseph Harrington, on the 18th day of January, 1833, conveyed to his son Hiram a lot with a dwelling

house and outbuildings thereon, upon the special trust to allow Mary Tryon, a daughter of said Joseph, with her husband Jeremiah, during their lives and the life of the sur= vivor of them, to use, occupy and enjoy the premises as a home for themselves and their children in such way and manner that said Mary might at all times be certain of a home 'for herself and children. The trustee was given power to sell and invest the proceeds in other real estate for the purposes aforesaid. The children mentioned in the deed were those in being, four in number, and one after born. The grantor directed that after the death of Mary and Jeremiah the trustee should sell the premises and pay the proceeds to the children. Mary survived Jeremiah and died leaving two children and issue of three other children. A trustee appointed in the place of Hiram, deceased, has sold the premises and the question is to whom the proceeds shall be paid, to the children living at the death of Mary, or to them and the issue of the deceased children *per stirpes*.

This depends upon the nature of the estate taken by the children under the deed. The legal estate was in the trustee, but the entire equitable estate was in the parents and children. The latter were beneficiaries under the deed, and took, jointly with their parents, an equitable estate in the premises and, under our statute, R. L., s. 1917, became tenants in common therein. By the terms of the deed the children had an interest in the real estate during the lives of their parents and the survivor of them; their interest attached to the land and they had a right therein. In this respect the case differs from *Gilbert* v. *Richards*, 7 Vt. 203, *Sparhawk* v. *Buell*, 9 Vt. 41, *Decamp* v. *Hall*, 42 Vt. 483, cases cited by defendants' solicitors. In the latter cases the bequests were of personal property, in neither of which did the devisees take any interest, legal or equitable, in real estate and the court thought a joint tenancy was intended by the testator in each case. The case at bar is analogous to

*Gilkey* v. *Shepard*, 51 Vt. 546, in which a life estate in land was given to the mother with remainder to the children. It was held that the latter took vested estates in common. The law favors vested rather than contingent estates. In the case under consideration the children took an equitable interest in the land, and although the grantor directed its sale after the death of the parents, this direction no doubt was for the reason that under the circumstances a more practicable distribution could be effected in that manner than by leaving the ownership of the property in the five families, as it is apparent that it could not be used by the children jointly, if they all, as they might have, had families. Until the death of Mary and Jeremiah the children had a right of occupancy jointly with them, which constituted an equitable interest in the land. The grantor undoubtedly thought that after the necessities for a homestead for the family had ceased a sale and distribution of the proceeds the wisest way of dividing the property among the children, and there is nothing in the grant indicating an intention of excluding the issue of any of his children.

It is argued by the defendants that if one of the children died the father would inherit the child's interest and such share of the estate might be taken by his creditors, and that this certainly was not the intent of the grantor. It is doubtful if, by the acquisition of any such rights by a creditor of Jeremiah, possession could have been taken as against the trust deed. If so, and all the children died and Jeremiah inherited their interest, if that could be taken by his creditors as against the trust deed the purposes of the trust would be wholly defeated. This could not be permitted under the terms of the grant. If the estate did not vest in the children at the time of the grant, then if one of them died, leaving children, the latter would have no right in the premises and would be turned adrift. This could not have been the intent of the grantor. We think it more in accord

with that intent that the estate vested at the time of the grant rather than at a future period. If the children took no interest in the property until it was converted into money the cases cited above would be more applicable, and the argument for the defendants more forcible in favor of their claims. Construing the deed as we do, the direction to convert the land into money for the purposes of distribution did not change the nature of the interest which the children acquired in it in its inception. The estate of the children, vested at the time of the grant, and the issue of the deceased children, however remote, take in lieu of their parents.

*Decree affirmed and cause remanded.*