# HAUPTMAN *v.* CARPENTER.

## WILLS; REMAINDERS.

1. Where a testator, having eleven children, devises his estate, real and personal, to three of his children for life, or until marriage, and on the death or marriage of all, to a fourth child, F, in trust to sell and distribute the proceeds among the testator's children (except one son whose portion has been advanced) and their descendants, F takes a vested remainder, with the right to bequeath his beneficial interest in the estate.
2. That the estate is directed by such will to be sold and the proceeds divided after the determination of the life estate, thereby working an equitable conversion of the estate or interests in remainder, is immaterial in determining the character of the remainder.
3. And that F, in his bequest of his interest under the will of his father, treats such interest as real estate, instead of personal estate, the property remaining unsold, will not operate to render such bequest ineffectual.

No. 973. Submitted April 25, 1900. Decided June 6, 1900.

HEARING on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia sitting as an equity court, in a suit for the construction of a will. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Clayton E. Emig* for the appellants:

1. Upon the death of Daniel Hauptman the real estate was *eo instanti* converted into money. *Allison* v. *Wilson,* 13 S. & R. 332; *Peter* v. *Beverly,* 10 Pet. 562; *McCullough* v. *Dashiell,* 1 H. & G. 96; *Smith* v. *Hooper,* 23 Md. 273; *Thomas* v. *Wood,* 1 Md. Ch. 296.

2. The will is to be governed as to the law of conversion, the class of those designated to take in remainder, and the time of the vesting of such remainder, by the decision in *Reiffe* v. *Strite,* 54 Md. 298. See, also, *Small* v. *Marburg,* 77 Md. 18; *Paisley* v. *Holzshir,* 83 Md. 330; *Slingluff* v. *Johns,* 87 Md. 375; *Bank's Will,* 87 Md. 438; *Strauss* v. *Rost,* 67 Md. 465.

*Mr. Joseph A. Burkhart* for the appellees:

1. The will of Francis E. Hauptman under the will was a vested remainder. *Poor* v. *Considine,* 6 Wall. 476; *McArthur* v. *Scott,* 113 U. S. 340; *Myers* v. *Adler,* 6 Mack. 515; *Carver* v. *Jackson,* 4 Pet. 1; *Croxall* v. *Sherrerd,* 5 Wall. 268; 4 Kent Com. 203; Fearve on Rem. 216; *Moore* v. *Lyons,* 25 Wend. 118; *Middleton* v. *Messenger,* 5 Ves. 196; *O'Brien* v. *Dougherty,* 1 App. D. C. 148; *Green* v. *Davidson,* 4 Baxt. (Tenn.), 488; *Reading* v. *Blackwell,* 1 Baldw. 166; *Loftus* v. *Glass,* 15 Ark. 680; *Price* v. *Watkins,* 1 Dall. 8; *Thompson* v. *Tyron,* 28 Atl. 873; *Dulaney* v. *Middleton,* 72 Md. 67; *Meyer* v. *Eisler,* 29 Md. 28; *Tayloe* v. *Mosher,* 29 Md. 443; *Crisp* v. *Crisp,* 61 Md. 149.

2. The owner of a vested interest may dispose thereof by will. 4 Kent Com. 205; 2 Washb. Real Prop. 553; *Hambleton* v. *Darrington,* 36 Md. 444.

Mr. Justice SHEPARD delivered the opinion of the court:

This is a suit in equity involving the construction of the will of Daniel Hauptman, who died November 4, 1873. The will bears date May 31, 1869, and was executed with due formality.

The important provisions of the will are the following:

"I give devise and bequeath all of my real estate and personal property to my children Charles W. Hauptman, Mary Ellen Hauptman, Adelia Hauptman, or such of them as shall survive me, for, during and until the full end and term of their natural lives, and with this qualification if either of them shall marry, the interests and estates of such so marrying shall cease and terminate with such event, and be and become vested in such of them as shall remain unmarried, for the term aforesaid.

"2d item—After the death of all my aforesaid named children, or their marriage, I give devise and bequeath all of my aforesaid real estate and personal property to my son Francis E. Hauptman upon the trusts following, to sell the same at public auction, or at private sale as the majority of the parties in interest may elect and if at public auction, he shall first give public notice thereof by advertisement setting forth the time place and terms of sale, and he shall receive the proceeds of sale, and the purchaser shall be bound to see to their due and proper application; and out of the proceeds thereof he shall pay first the costs and expenses thereof, next he shall distribute the residue among my children and their respective descendants if they or any of them are dead, in the same proportions that are provided by the law regulating descents in the District of Columbia, excepting throughout my son George W. Hauptman, and his heirs, who has already received his portion, and lieu of any further benefit I direct my said trustee to pay him or his heirs the sum of ten dollars."

Testator had eleven children, including the three life tenants named in the will, Francis E. Hauptman, the executor and trustee, and Helen C. Carpenter. The life tenants died unmarried; one of them, Adelia, before Francis E. Hauptman. Francis E. died in 1893, after March 17, leaving no issue. The two life tenants, Mary Ellen and Charles W. Hauptman, died January 23 and May 2, 1899, respectively.

Of the eleven children Helen C. Carpenter alone survives. She is a party to the suit, with the children of Sophia, John, Joana, Elizabeth, Philip and George W. Hauptman, who predeceased Francis E. Hauptman.

Francis E. made a will on April 5, 1890, the terms of which are unimportant, to which, on May 17, 1893, he executed a codicil in due form, containing the following clause, pertinent to the matters herein involved:

"I do hereby give and devise all my estate right title and interest whether vested in possession, or in remainder or reversion, in and to the dwelling-house and store known as No. 407 on Eleventh street northwest in the city of Washington in the District of Columbia and in which house I now reside, together with land upon which it is built and which is enclosed therewith, unto the children of my deceased brother George W. Hauptman, to be equally divided among them share and share alike, as tenants in common, and if either of said children shall die before I do and shall leave issue or descendants surviving me, such issue or descendants shall take the share which its or their deceased ancestor if living would have taken."

The bill was filed by Helen C. Carpenter and others to obtain a decree for the sale of the property devised as aforesaid, and the same recited in the codicil aforesaid also, and presented the question whether the children of George W. Hauptman (who were made parties to the bill) are, by virtue of the said codicil, entitled to participate in the distribution of the proceeds thereof.

A final decree was entered ordering the sale and appointing trustees for the purpose; and declaring the children of George W. Hauptman entitled to share in the distribution of the proceeds under the devise or bequest of Francis E. Hauptman, the court being of the opinion that said Francis E. took his interest under the will of Daniel as a vested remainder.

We see no reason for disagreeing with the conclusion of the learned justice who rendered this decree.

"A vested remainder is where a present interest passes to a certain and definite person, but to be enjoyed *in futuro.* There must be a particular estate to support it. The remainder must pass out of the grantor at the creation of the particular estate. It must vest in the grantee during the continuance of the estate, *eo instanti* that it determines." *Poor* v. *Considine,* 6 Wall. 458.

"A contingent remainder is where the estate in remainder is limited either to a dubious or uncertain person, or upon the happening of a dubious and uncertain event." Id., p. 474.

The determination of the prior estate created by the first clause of the will was not dependent upon the happening of a dubious and uncertain event. It was bound to end with the death of the survivor of the three devisees, though it might be determined sooner by the marriage of all.

Francis E. Hauptman was one of the children of the testator to whom the remainder was devised. These were certain and definite *persons in esse* at the death of testator, who were clearly vested with the right of immediate possession upon the sudden determination of the particular estate.

There are certain well settled rules of law applying in the construction of wills of this character that are of importance in the determination of this case. These are: (1) The law will not construe a limitation in a will into an executory devise when it can take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested; (2) Adverbs of time, as where, then, after, from, etc., in a devise of a remainder are construed to relate merely to the time of tho enjoyment of the estate, and not the time of the vesting in interest; (3) "Estates shall be held to vest at the earliest possible period, unless there be a clear manifestation of the intention of the testator to the contrary." *Poor* v. *Considine,* 6 Wall. 458, 475; *McArthur* v. *Scott,* 113 U. S. 340, 378; *O'Brien* v. *Dougherty,* 1 App. D. C. 148, 157; *Richardson* v. *Penicks,* 1 App. D. C. 261, 264.

In *McArthur* v. *Scott, supra,* it was said by Mr. Justice

Gray: "For many reasons, not the least of which are that testators usually have in mind the actual enjoyment rather than the technical ownership of their property, and that sound policy as well as practical convenience requires that titles should be vested at the earliest period, it has long been a settled rule of construction in the courts of England and America that estates, legal or equitable, given by will, should always be regarded as vesting immediately unless the testator has by very clear words manifested an intention that they should be contingent upon a future event."

Tested by the definitions heretofore given of vested and contingent remainders, it would seem that the devises made in the will of Daniel Hauptman fully satisfy all the conditions of the former; and we find nothing in the remaining provisions clearly manifesting an intention to create a different estate.

Owing to the very nature of wills, made as they are by persons of all sorts and conditions, skilled, or partly so, or wholly unskilled, and under so many varying conditions, it is rarely possible to find a decided case construing one that will furnish a certain and complete rule for the construction of another. For this reason we think it unnecessary to review the cases that have been cited on the argument. It is sufficient to say of the leading cases relied on by the appellant (*Reiff* v. *Strite*, 54 Md. 298, and others), that the important provisions of the wills therein involved are quite different from those involved here. On the other hand, certain cases cited on behalf of the appellees involve the construction of provisions very closely resembling those under construction here; and the decision arrived at in each tends strongly to support the conclusion at which we have arrived. *Myers* v. *Adler*, 6 Mackey, 515; *Green* v. *Davidson*, 4 Baxter (Tenn.), 488; *Price* v. *Watkins*, 1 Dallas, 8; and see *Thompson* v. *Tryon*, 66 Vt. 191.

That the estate is ordered to be sold and the proceeds divided after the determination of the life estate, thereby

working an equitable conversion of the estate or interests in remainder, is of no importance in determining the character of that remainder. *Cropley* v. *Cooper,* 19 Wall. 167, 175; *Myers* v. *Adler,* 6 Mackey, 515.

The will having created a vested remainder in Francis E. Hauptman, he had the right to dispose of it by will.

That he regarded it as real estate according to its actual character at the time he made his codicil, instead of personal estate as it was, under the doctrine of equitable conversion, does not prevent the operation of that codicil to pass his interest in the proceeds of the sale to the children of George W. Hauptman. He " gave and devised" to them " all his estate, right, title and interest" in the premises described; and, whatever that may be, it passes according to his expressed intention.

The decree will be affirmed, with costs. It is so ordered.

*Affirmed.*