### John Decamp *v.* H. M. Hall and H. H. Wheeler.

*Will. Joint Estate. Survivorship.*

Where the language of a will was: "I give and bequeath to my son John, the use of $475, during his natural life, and after his decease I bequeath said legacy of $475 to his sons, George and Leander, with directions to a trustee appointed in the will to pay the yearly interest to John and at his decease to pay the said $475 to the said George and Leander ;" it was *held* that, in the absence of any provision indicating an intention to give to George and Leander in severalty, they took jointly, and one having died, the right by survivorship accrued to the other.

Bill in Chancery. The legal questions in the case arose upon the construction of the will of Isaac Decamp, late of Barre, who died on the 14th day of February, 1864. The portion of the will material to be stated, was as follows :

" *Fourth,* I also give and bequeath to my son John Decamp the use of $475, and the cow now on his farm, during his natural life, after the decease of my wife. After the decease of the said John Decamp, I bequeath the said legacy of $475, and the cow, considered at $25, the use of which the said John Decamp is to have after the decease of my wife during his natural life, to the sons of the said John Decamp, by his first wife, George Decamp and Leander Decamp. This legacy, excepting the cow, is to remain in the hands of Isaac D. Rice secured by him on my farm, by said Isaac D. Rice paying the interest on the same yearly to said John Decamp during his natural life, if said Isaac wishes to keep it. And the legacy to John Decamp and his sons, that is, the other

$475, by the said Isaac D. Rice giving security on the farm, is to remain in his hands during the natural life of the said John Decamp, by the said Isaac D. Rice paying yearly the interest thereon to the said John Decamp. At the decease of the said John Decamp, the said Isaac D. Rice is to pay the $475 to the aforesaid George Decamp and the said Leander Decamp."

The orator in this bill in chancery is the said John Decamp named in said will, and the undisputed facts were that the said Isaac Decamp died February 14, 1864, and his wife has also deceased, and said will was duly probated in the probate court for the district of Washington, and the defendant, Harley M. Hall of Barre, was appointed trustee of said legacy, and received the same to invest and manage, etc.; that soon after the death of Isaac Decamp, as aforesaid, the said Leander Decamp died, intestate, leaving neither wife nor children; that the defendant, H. H. Wheeler, is the guardian of said George Decamp. The orator claimed that the share of said Leander became the orator's upon the death of Leander, absolutely, and that he was entitled to the possession and control of the same. It was agreed by the parties before the chancellor, among other things, that the case should be tried on its merits, waiving the question of jurisdiction of the court. The case was heard at the December term, 1866, Steele, chancellor, when the bill was dismissed, from which the orator appealed.

*George C. & George W. Cahoon*, for the orator.

But two points are presented in the case upon the construction of the will of Isaac Decamp. First, whether the property vested in fee in George Decamp and Leander Decamp absolutely, at the decease of their grandfather, Isaac Decamp. Second, if so, whether it was to them jointly or severally. Upon the affirmative of the first question see *McAfee* v. *Gilmore*, 4 N. H., 391; *Fogg* v. *Clark*, 1 N. H., 163; *Harrison* v. *Fareman*, 5 Ves., Jr., 209, and note; 2 Red. on Wills, 648.

A bequest among legatees equally, or share and share alike, creates a tenancy in common rather than a joint tenancy, and the leaning of all courts is in favor of a tenancy in common rather

than a joint tenancy. See cases above; also 1 Peere Williams, 700; *Maline* v. *Keighley*, 2 Ves., 333; 1 Jar. on Wills, 303, note; 2 Red. on Wills, 645, 505, and cases cited.

*Jonathan Ross*, for the defendants, maintained that George and Leander took a joint estate under the will, and the right of survivorship attached, and the whole fund, on the death of Leander Decamp, became vested in George Decamp. The statute taking away the right of survivorship applies only to real estate. Gen. St., p. 446, § § 1, 2 and 3. In regard to the joint tenancy, in personal property, the right of survivorship prevails. Gen. Sts., p. 287, § 1; 2 Kent. Com., 351; 2 Black., 399, 180; *Marley* v. *Bird*, 3 Ves., Jr., 628, and notes; *Whitmore* v. *Kelaney*, 6 Ves., Jr., 134; *Crooks* v. *De Vandes*, 9 Ves., Jr., 204; *Swain* v. *Burton*, 15, Ves., Jr., 350; 2 Redfield on Wills, 497, 498, 499 and 505; *Buffer* v. *Bradford*, 2 Aik., 220; *Jackson* v. *Roberts*, 14 Gray, 546.

The opinion of the court was delivered by

BARRETT, J. In this case we think the legacy of $500 became vested in the grandsons of the testator at his death. The father of the legatees had only a life interest. We recognize and approbate the evident disposition of the court to go as far as they warrantably can, without violating established principles of law and rules of construction, in favor of holding that persons, to whom legacies are given more or less resembling that in this case, take in severalty as tenants in common, and not jointly as joint tenants. But in order to warrant the court in thus holding, there must be some indication in the language of the gift, either by itself, or taken in connection with the other provisions of the will, that such was the intention of the testator. To this effect are the note and the cases cited in 5 Ves., 210. So also is the elaborate opinion in 3 Ves., 628, in which the subject is thoroughly examined and considered upon the authorities. Such is the doctrine in the text books. See Redfield on Wills, pages cited in the brief by defendants' solicitor.

The language of the legacy, either in itself or in its relation to the other provisions of the will, does not indicate an intention on

the part of the testator to give in severalty to the sons of the orator. On the contrary, the language itself is that which imports a gift to the two jointly ; and it is not controlled or modified in this respect by any thing else in the will. Indeed, the provisions of the will in respect to the orator, with reference to the very fund which constitutes the legacy to his two sons, would seem to discountenance the idea that the testator intended to make such a bequest to the two sons as, in the event of the death of one of them, the father would become in his lifetime the absolute owner of one half of the fund, of which it is specifically provided that he shall have only the use and interest during his life.

Holding that the two sons of the orator took jointly under the will, the right by survivorship accrues to the living son.

The decree dismissing the bill is affirmed, with costs, and mandate accordingly.