ELIZABETH GALLAGHER *et al. vs.* R. I. HOSPITAL TRUST COMPANY *et al.*

PROVIDENCE—MAY 28, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Wills.  Bequest of Income.  Joint Tenancy in Personalty.*

A testamentary disposition created a trust to continue until the death of the last survivor of the children and grandchildren of the testatrix.  It directed the trustee to set apart specific sums for the beneficiaries, among them the sums of $15,000 for C. K. and C. E. respectively.  The trustee was to collect the income and pay over the residue thereof, after expenses,

to the beneficiaries during life, and further provision was made in case of the death of the beneficiaries, with or without issue.

By a codicil testatrix provided as follows : "1. I do hereby appoint C. K. and C. E. to be my residuary legatees of all stocks and moneys and goods of any kind which shall remain after the legacies bequeathed in the aforesaid will are apportioned and paid.

"2. I do hereby direct that the devises, legacies, and bequests contained in my will for C. K. and C. E. shall be to them and the survivors of them and the heirs of such survivors in case either of them shall die without heirs of his or her body living at his or her decease ; and also that C. K. and C. E. and the survivors of them and the heirs of such survivors shall succeed to, have, and possess the devises, legacies, and bequests in my will contained for any of my other children who shall die without heirs of their bodies living at their decease:"—

*Held,* that the first paragraph of the codicil must be construed as an absolute gift to C. K. and C. E., as joint tenants, of the surplus left after the sums specified in the will had been set apart by the trustee to be held for the benefit of the beneficiaries, such setting apart and holding by the trustee being what was meant by the words "apportioned and paid," and not as a gift of the *income* of the surplus.

*Held,* further, that the gift to C. K. and C. E. without more, created a joint tenancy, the statute then in force, Rev. Stat. R. I. cap. 145, § 1, applying only to real estate.

(2)  *Joint Tenancy.    Fee Tail Estates.    "Heirs of the Body."    Absolute Gifts.*

*Held,* further, that the effect of the second paragraph of the codicil was to give to the survivor of C. K. and C. E., in case either should die without issue living at decease, the income of the sums set apart for their benefit and to create a joint tenancy between them of the income of the sums set apart for the other children of the testatrix who should die without issue living at decease, and not to create an absolute gift to C. K. and C. E. of the sums set apart for their benefit and of the sums set apart for the other children who should die without heirs of the body living at their decease.

Although if the words "heirs of the body" are used in relation to a gift of personalty in their technical sense, and nothing appears in the will to show that they are not so used, the effect is to create an absolute gift, yet where it is apparent from other portions of the will that they are not so used, but merely in the sense of issue or children, the rule is not applied, and effect is given the intent of the testator.

(3)  *Construction of Will by Parties in Interest.*

While the construction placed upon a will by the parties in interest is not conclusive, it is strong evidence of the construction by persons nearest the testator and who may have known his actual intentions.

BILL IN EQUITY for an opinion as to the construction of a will and codicils.    The facts are stated in the opinion.    Heard on bill, answers, and proofs.

(1)    MATTESON, C. J.    This is a bill to obtain a construction of the will of Rhoda Newcomb, and for the distribution of certain funds held by the respondent, the Rhode Island Hospital Trust Co., in its capacity as trustee under the will and in other capacities.

The will of Rhoda Newcomb was executed February 1, 1857, and purports to dispose both of her own estate and the estate of her deceased husband, Henry S. Newcomb, in which she had a life-estate and over which she had a power of appointment by will among their children.    For the purpose of such disposition the testatrix created a trust to continue until the death of the last survivor of her children and two grandsons named as beneficiaries.    She directed the trustee to set apart from the property, which consisted wholly of personalty, $15,000 for her son Charles K. Newcomb; $12,000 for her son Henry S. Newcomb; $12,000 for her daughter Elizabeth W. Newcomb; $15,000 for her daughter Charlotte E. Newcomb; and $3,000 each for her two grandsons, Henry N. Gallagher and George Gallagher, children of her daughter Sarah M. Gallagher deceased.    In setting apart these sums she directed the trustee to set apart the $6,000 for the two grandsons out of the property which had belonged to her husband, and to divide the residue of that property equally between their four children, Elizabeth, Charles, Henry, and Charlotte; and in making up the deficiency in the sums directed to be set apart for her children, she directed the trustee to take the necessary amounts from her own property.    In case the property should be insufficient to set apart the various sums so directed, she ordered that they, except the sums set apart for Charles and Charlotte, should abate proportionally, and that, if there should be any surplus after the sums had been set apart, the trustee should set apart from it a sufficient sum to make the share of Henry equal to the shares of Charles and Charlotte, if the surplus should be sufficient, and to divide the residue of the surplus, if any, equally between Charles, Henry, and Charlotte, and to hold the same under the trusts.    She further directed the trustee to collect

the income of the property, and after paying taxes and expenses incident to the trust, and retaining a reasonable compensation for services, to pay over semi-annually, if practicable, to the beneficiaries respectively, the residue of the income during their natural lives ; and in case any of the children or grandchildren should die, either before or after her decease, having "issue of their bodies" living at their decease, or "descendants of such issue," she directed the trustee to pay over the net income to the issue of the children or their descendants, the issue of their descendants taking only the share of their parent; and in case any of the children or grandchildren should die, either before or after her decease, without leaving "issue of their bodies or descendants of such issue" at the time of their decease, she directed the trustee to pay over the income on their shares to such of the children or grandchildren as should be living and to the "issue and their descendants" of such as should be dead in proportions equal to the sums set apart as above stated, "the issue and descendants" taking only the shares which their parents, if living, would be entitled to receive ; and when the last living of the children and grandchildren should have deceased, she directed the trustee to divide and distribute the property remaining among the "heirs of the body" of the children and grandchildren in proportion to the sums directed to be set apart to them, children in all cases taking only the share which their parents, if living, would have been entitled to receive.

Henry S. Newcomb, son of the testatrix, and one of the beneficiaries under the trust, died in the naval service of the United States off Mobile bay, October 24, 1863, leaving a daughter Mary L. Newcomb him surviving, who is one of the respondents in the bill.

On March 1, 1864, the testatrix made a codicil to her will, "intending" thereby "to alter and revoke or modify whatever in my said will and testament is inconsistent herewith." The first two paragraphs of this codicil are as follows :

"1. I do hereby declare and appoint Charles K. Newcomb

and Charlotte E. Newcomb to be my residuary legatees of all stocks and moneys and goods of any kind which shall remain after the legacies bequeathed in the aforesaid will and testament are apportioned and paid, and after all other conditions not affected by the provisions of this codicil are complied with.

" 2. I do hereby order and direct that the devises, legacies, and bequests contained in my said will for Charles K. Newcomb and Charlotte E. Newcomb shall be to them and the survivors of them, and the heirs of such survivors in case either of them shall die without heirs of his or her body living at his or her decease, except in so far as hereinafter provided, in the event of said Charles dying leaving a widow; and also that the said Charles K. and Charlotte E. and the survivors of them and the heirs of such survivors shall succeed to, have, take, possess, and enjoy the devises, legacies, and bequests in my said will contained for any of my other children who shall die without heirs of their bodies living at their decease."

The codicil also provided that Henry N. Gallagher and George Gallagher, the grandsons, should each receive the income from $2,000 in addition to the income from the $3,000 given to each by the will, provided Charles and Charlotte should each receive an income of six per cent. on their shares and Elizabeth an income of $600 per annum, both of which events happened.

On June 23, 1864, the testatrix made a second codicil, "intending" thereby "to alter and revoke or modify whatever in my said will and testament and said (first) codicil is inconsistent herewith." The second paragraph of this codicil is as follows:

" 2. Inasmuch as my granddaughter Mary L. Newcomb may, during her minority, be able to lay up by her trustee a large portion of the income allowed to her by me, I do hereby direct my trustee to pay to her during her lifetime, and after her death to the lawful heirs of her body living at her decease, the interest on the sum of twelve thousand ($12,000)

dollars instead of the sum of fifteen thousand ($15,000) dollars above ordered by me, subject to the same conditions of allowance previously made by me."

The testatrix died on June 30, 1865. At the October term of this court, in 1867, John P. Knowles, as *administrator de bonis non cum testamento annexo* on the estate of Henry S. Newcomb the elder, filed his bill in this court against William S. Patten as executor of Rhoda's will, and against Charles, Charlotte, and Elizabeth Newcomb, and Henry Gallagher and George Gallagher, Laura M. and Mary L. Newcomb, the wife and daughter respectively of Henry S. Newcomb the younger, for a construction of the will of Henry S. Newcomb the elder, both by itself and as affected by Rhoda's will ; and such proceedings were had thereon that on February 8, 1868, a decree was entered directing the complainant, as administrator, to pay over to Patten, as executor, the balance of his administration account. Under this decree Knowles, on March 3, 1868, settled his administration account with the Municipal Court and paid over the balance of the estate of Henry S. Newcomb the elder, amounting to $38,027.45, to Patten, as executor, who, on June 23, 1868, settled his final account as executor and transferred to himself as trustee the balance of Rhoda's estate, the two estates combined amounting to $64,000, besides shares of stock in several corporations.

Thereupon Patten, in pursuance of Rhoda's will and codicils, proceeded to apportion the $64,000 as follows : $15,000 to Charles ; $15,000 to Charlotte ; $12,000 to Mary L., daughter of Henry S. Newcomb the younger; $12,000 to Elizabeth ; $5,000 to Henry N. Gallagher and $5,000 to George Gallagher the elder, the last two being the grandsons of the testatrix. The shares of corporation stock constituting the residue of the estate he, on December 11, 1868, transferred to Charles and Charlotte " to them and to the survivors of them and to the heirs of such survivors with all the rights, dividends, and profits to the same appertaining," and so the shares have since stood on the books of the respective corporations, except that on the winding-up of the Union Bank, which

was one of the corporations, dividends in liquidation were, by order of Charles and Charlotte, paid into the participation account of the respondent, the Rhode Island Hospital Trust Co., and the sum so paid has since stood on its books to the credit of Charles and Charlotte, "to them and to the survivors of them and to the heirs of such survivors."

Elizabeth W. Newcomb died January 29, 1870, without ever having had issue, and thereafter the income of the $12,000 set apart for her was divided between Charles and Charlotte, thus giving them the income of $21,000 each.

Charles K. Newcomb died April 14, 1894, without issue and without ever having married, and thereafter the income of the $21,000 which had been set apart and had accrued to him was paid to Charlotte E. (Newcomb) Mathewson, giving her the income of $42,000.

George Gallagher the elder, grandson of the testatrix, died in 1895, and the income of the $5,000 which had been paid to him has since been paid to his children, the complainants Elizabeth and George Gallagher the younger.

Charles K. Newcomb left a will, giving one-fourth of his estate to Charlotte; one-fourth to his niece Mary L. Newcomb; one-fourth in trust for Henry N. Gallagher's children; and one-fourth in trust for George Gallagher's children, the complainants Elizabeth and George.

The respondent, the Rhode Island Hospital Trust Co., was appointed administrator with the will annexed of the estate of Charles, and is now acting in that capacity.

Charlotte E. (Newcomb) Mathewson died February 5, 1898, leaving a will which gave the residue of the estate, real and personal, to which she was in any way entitled at her death and over which she had any power of appointment, one-half to the complainant Henry N. Gallagher and one-half in equal shares to the complainants, Elizabeth Gallagher and George Gallagher. The complainant Charles C. Nichols is the executor of the will of Charlotte.

Patten, at his death in 1874, was succeeded as trustee under the will of Rhoda by Samuel W. Peckham, and he at

his death was in turn succeeded by the respondent, the Rhode Island Hospital Trust Co.

The respondent Laura M. Newcomb, widow of Henry S. the younger, to whom certain life-interests were given by the will and codicils of Rhoda, contingent on her surviving her daughter Mary L. Newcomb, died after the filing of the bill, leaving said Mary her surviving.

Passing by the question of the validity of the appointment by the testatrix of her grandsons to receive the $6,000 out of her husband's estate, which, though as shown by the able and thorough discussion in the brief of complainant's counsel was theoretically invalid, could neverthless be given effect and which in fact was given effect by the decree in *Knowles* v. *Patten* referred to, we come at once to the question in dispute, as to the proper construction of paragraphs 1 and 2 of the first codicil on which the rights of the parties to the trust estate depend.

Our opinion is that the first paragraph is to be construed as an absolute gift to Charles and Charlotte as joint tenants of the stocks, moneys, and goods constituting the surplus which was left after the sums specified in the will as modified by the provisions of the codicil had been set apart by the trustee to be held for the benefit of the respective beneficiaries, such setting apart and holding by the trustee being what was meant by the testatrix by the use of the words "apportioned and paid and after all other conditions not affected by the provisions of this codicil are complied with."

It is contended in behalf of Mary L. Newcomb that the paragraph should be construed to be a gift merely of the *income* of the surplus, since the scheme of the testatrix was that the property should not be divided until the death of the last survivor of the beneficiaries named in the will.

We do not think that the clause is susceptible of this construction. If this had been the intention of the testatrix as to this surplus, she doubtless would have retained the language of the clause relating to the surplus in the will itself, in which she directs the trustee to set apart out of the sur-

plus a sum sufficient to make the share of Henry equal to the shares of Charles and Charlotte, etc., and " to hold the same under the trusts hereinafter decreed."   Instead of such or similar language, however, she makes the gift not of the *income*, but of the *stocks*, *moneys*, and *goods* themselves— a gift absolute in form, the effect of which was to withdraw the property embraced in the surplus from the operation of the trusts.   The gift is to Charles and Charlotte merely, without anything to show that they were to take as tenants in common.   The statute in force at the death of Rhoda, when the will took effect, Rev. Stat. R. I. cap. 145, § 1, against joint tenancies, applied only to real estate, and consequently the gift to them without more must be construed as creating a joint tenancy.   *Emerson* v. *Cutler*, 14 Pick. 108, 116 ; *De Camp* v. *Hall*, 42 Vt. 483 ; 2 Kent Com. *351.

(2)   Our opinion is that the effect of the second paragraph was to give to the survivor of Charles and Charlotte, in case either should die without issue living at his or her decease, the income of the sums set apart for their benefit and to create a joint tenancy between them of the income of the sums set apart for the other children of the testatrix who should die without issue living at their decease.

It is contended in behalf of the complainant Henry N. Gallagher and the respondent Gallaghers, that the effect of this paragraph was to create an absolute gift to Charles and Charlotte of the sums set apart for their benefit, and of the sums set apart for the other children who should die without heirs of their bodies living at their decease.   This contention rests on the rule that when the technical words to create an estate tail in land, to wit, "heirs of the body," are used in relation to a gift of personalty, the effect is to create an absolute gift.   Though this contention is doubtless correct, if the words "heirs of the body" are used in their technical sense and nothing appears to show that they are not so used, yet when it is apparent from other portions of the will that such words are not so used, but are used in the sense merely of issue or children, the rule is not applied, but effect is given

to the intention of the testator.  *Tingley* v. *Harris,* 20 R. I.
517, 519 ; *Bailey* v. *Brown,* 19 R. I. 669, 681 ; *Homer* v. *Shelton,* 2 Met. 194 ; 1 Redfield Wills, 435 and cases cited.   An
examination of the will and codicils shows that the testatrix
has used the terms "issue" and "heirs of the body" interchangeably, and we are of the opinion, therefore, that the
words "heirs of the body" are to be construed not technically, but as equivalent to issue, and, therefore, that effect
should be given to the intention of the testatrix.

Moreover, the legacies and the bequests given in the will
were of the income merely, and as the language of the paragraph is limited to legacies and bequests contained in the
will, it follows necessarily that the dispositions made by it
relate only to the income.

(3)    The case shows that the constructions which we have given
to the paragraph in question are those which have been given
to them by the parties in interest.   On December 11, 1868,
Patten, as executor and trustee under the will, transferred
the shares of stock constituting the residuary estate to Charles
and Charlotte as joint tenants, and that these shares have
ever since so stood on the books of the corporations, except
that the Union Bank, one of the corporations, having gone
out of existence, the sums paid in liquidation of its stock
were, by order of Charles and Charlotte, deposited in the
Rhode Island Hospital Trust Co. in the same form and have
since so stood.

And, again, the case shows that Charles and Charlotte did
not require the payment to themselves as joint tenants of the
sums set apart for their benefit or of the sum set apart for
Elizabeth on her death without "heirs of the body" living
at her decease ; nor did Charlotte, after the death of Charles
without "heirs of the body" living at his decease, require
the payment to herself of such sums, but continued to receive
the income of them merely till her death.   Though such
action on the part of Charles and Charlotte is not conclusive
of the question, it is nevertheless strong evidence of the construction of the will and codicil by persons nearest to the

testatrix, and who, it is not improbable, may have known her actual intentions.

*James Tillinghast, Edwards & Angell, and Robert W. Burbank*, for complainants.

*William R. Tillinghast*, for R. I. Hospital Trust Co.

*Arnold Green*, for Marie L. Newcomb.